Kerry C. Fowler (State Bar No. 228982)
kcfowler@jonesday.com
Christopher K. Spiers (State Bar No. 300613)
cspiers@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071.2300
Telephone: +1.213.489.3939
Facsimile:  +1.213.243.2539

Attorneys for Defendant
Experian Information Solutions, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CHINITZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio and California corporation,<br><br>Defendant. | Case No. 5:17-cv-6515<br><br>[Removal of Santa Cruz County Superior Court, Case No. Case No. 17CV02552]<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT 28 U.S.C. § 1441**<br><br>**[FEDERAL QUESTION JURISDICTION]**<br><br>Complaint Filed:  September 27, 2017 |

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441 *et seq*., Defendant Experian Information Solutions, Inc. ("EIS") hereby files this Notice of Removal of the above-captioned action to this United States District Court and states as follows:

1.     EIS is the only named Defendant in Civil Action No. 17CV02552 filed by Plaintiff Ronald Chinitz ("Plaintiff") in the Superior Court of the State of California for the County of Santa Cruz (the "State Court").

2.     The Complaint in the State Court Action was filed with the Clerk of the Superior Court of the State of California for the County of Santa Cruz on September 27, 2017.  Plaintiff served EIS with the Summons and Complaint in the State Court Action on October 11, 2017.

3.     This Notice is being filed with this Court within thirty (30) days after EIS received a copy of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based.

4.     This United States District Court is the proper district court for removal because the State Court Action is pending within this district.

5.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon EIS in the State Court Action is attached hereto as Exhibit A. The attached documents are the only pleadings currently on the docket in the State Court Action.

6.     EIS is a corporation which, for monetary fees, regularly engages in whole or in part in the practice of assembling consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.  EIS uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, and therefore is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

7.     EIS avers that there is a sufficient basis for removal jurisdiction on grounds of federal question in that the Plaintiff's claims substantially implicate the laws of the United States, and the Plaintiff's right to relief necessarily depends on resolution of substantial questions of federal law.

a.     Plaintiff alleges that EIS violates California's Consumer Credit Reporting Agencies Act by requiring more "proper identification" than is necessary when furnishing consumers with a free annual credit disclosure.  *See* Complaint at ¶ 26.

b.     In paragraph 19 of the Complaint, Plaintiff alleges that the Court

should interpret the definition of "proper identification," based on the regulations promulgated by the Federal Trade Commission when applying federal law, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq*.

        c.    In paragraph 20 of the Complaint, Plaintiff alleges that "[e]ven when a consumer provides proper identification (as defined by the FCRA) under this standard, Defendant does not supply a free Credit Report to the consumer." Thus, the issues of whether Plaintiff has stated a cause of action or whether Plaintiff is entitled to any relief will depend entirely on the interpretation and application of the FCRA and supporting federal regulations.

        d.    Plaintiff "repeats each and every allegation" contained in these paragraphs into every cause of action.

    8.    This action is a civil action of which the Court has original jurisdiction under 28 U.S.C. §1331, and it is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that, based upon the facts set forth in Paragraph 7 above, it arises under the laws of the United States and involves substantial questions of federal law.

    9.    This Court also has supplemental jurisdiction over Plaintiff's state law claims, including claims brought under the California's Unfair Competition Law, Cal. Bus. & Prof. Code 17200, *et seq*.; California's Consumer Legal Remedies Act, Cal. Civ. Code §1750 *et seq*.; and California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§1785.1 *et seq*., because these claims are so related to Plaintiff's federal question claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

/ / /

/ / /

/ / /

/ / /

/ / /

9.     Promptly after the filing of this Notice of Removal, EIS shall provide notice of the removal to Plaintiff, and shall file a copy of this Notice with the clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

Dated: November 9, 2017

Respectfully submitted,

JONES DAY


By: */s/ Kerry C. Fowler*
     Kerry C. Fowler

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Experian Information Solutions, Inc., an Ohio and California corporation

FILED
9/27/2017 12:49 PM
Alex Calvo, Clerk
By: Sandra Gonzalez
Deputy, Santa Cruz County

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ronald Chinitz, on behalf of himself and all others similarly situated

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Cruz Superior Court

701 Ocean Street, Room 110
Santa Cruz, California  95060

| CASE NUMBER:<br>*(Número del Caso):* | 17CV02552 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Michael R. Reese, Reese LLP, 100 West 93rd Street, 16th Floor, New York, New York 10025

DATE: 09/27/2017          **ALEX CALVO**          Clerk, by _____, Deputy
*(Fecha)*                                          *(Secretario)*          Sandra Gonzalez     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Experian Information Solutions Inc. an Ohio and California corporation

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Michael R. Reese (California State Bar No. 206773)
*mreese@reesellp.com*
George V. Granade (California State Bar No. 316050)
*ggranade@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

FILED

9/27/2017 12:49 PM
Alex Calvo, Clerk
By: Sandra Gonzalez
Deputy, Santa Cruz County

Melissa S. Weiner
*weiner@halunenlaw.com*
Christopher J. Moreland
*moreland@halunenlaw.com*
Charles D. Moore
*moore@halunenlaw.com*
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

James A. Francis
*jfrancis@consumerlawfirm.com*
David A. Searles
*dsearles@consumerlawfirm.com*
John J. Soumilas
*jsoumilas@consumerlawfirm.com*
**FRANCIS & MAILMAN P.C.**
Land Title Building
100 South Broad Street, 19th Floor
Philadelphia, Pennsylvania  19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Attorneys for Plaintiff Ronald Chinitz and the Proposed Class*

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SANTA CRUZ

| | |
|---|---|
| RONALD CHINITZ, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., *an Ohio and California corporation*,<br><br>Defendant. | 17CV02552<br>No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *ET SEQ.***<br>**2. VIOLATION OF CAL. CIV. CODE § 1750 *ET SEQ.***<br>**3. VIOLATION OF CAL. CIV. CODE § 1785.1 *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ronald Chinitz ("Plaintiff"), by and through his undersigned counsel, alleges the following based upon his own personal knowledge and the investigation of his counsel.

## NATURE OF THE ACTION

1. This is a consumer class action against Experian Information Solutions, Inc. ("Experian" or "Defendant"), for failing to provide consumers with an annual free copy of the information in their credit reporting file ("Credit Report") in violation of the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785.1 *et seq.* ("CCCRAA"), and California's consumer protection laws.

2. Defendant deceptively markets that it provides "Free" Credit Reports, as required by the CCCRAA. To their detriment, when consumers attempt to access their "Free" Credit Reports from Defendant by phone or via its website, and provide all the identification required by the statute, Defendant states that it cannot verify the identity of the consumers and requires them to provide further identification—which often results in a denial of the "Free" Credit Report.

3. Defendant has complicated the process of accessing free consumer Credit Reports in order to purposefully frustrate consumers and thereby deny them the free Credit Reports to which they are legally entitled under the CCCRAA.

4. In other words, Defendant fails to uphold its promise of a "Free" Credit Report by making it nearly impossible to obtain the "Free" Credit Report.

5. Plaintiff and the other class members now request an injunction consistent with the type of relief discussed by the California Supreme Court in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017), preventing Defendant from engaging in the alleged misconduct in the future.

## THE PARTIES

6. Plaintiff is domiciled in Santa Cruz, California, and is thus a citizen of California.

7. During the applicable liability period, Plaintiff attempted, unsuccessfully, to obtain from Defendant his "Free" Credit Report over the phone and via its website.

8. Plaintiff regularly monitors his credit and has sought a free Credit Report from Defendant each January throughout the liability period. Plaintiff intends to keep monitoring his credit in the future, including obtaining his free Credit Report each year. If the Court were to issue

an injunction ordering Defendant to comply with California's laws and prohibiting Defendant's use of the practices discussed herein, Plaintiff would obtain his Credit Report each year for the foreseeable future.

9. Defendant Experian Information Solutions, Inc., is an Ohio corporation with its principal offices at 475 Anton Boulevard, Costa Mesa, California 92626. Thus, Defendant is a citizen of Ohio and California.

## JURISDICTION

### Jurisdiction

10. This Court has personal jurisdiction over Defendant for reasons including but not limited to the following: the Court has general jurisdiction over Defendant as its principal places of business are in the State of California. Furthermore, Defendant's contacts with the State of California are systematic and continuous, such that Defendant is essentially at home in the State of California. Finally, Plaintiff's claims arise out of Defendant's conduct within the State of California, including its dissemination of false information regarding access to "Free" Credit Reports in the State of California.

### Venue

11. Venue is proper within this county, as the actions and harms alleged herein occurred, in part, in the County of Santa Cruz, State of California.

## SUBSTANTIVE ALLEGATIONS

**A. Defendant Is Required to Provide a Free Credit Report to Plaintiff and the Members of the Class**

12. Defendant is one of the nationwide credit reporting companies in the United States.[1]

13. Defendant sells consumer Credit Reports to millions of American consumers annually.

14. Defendant is a consumer reporting agency ("CRA") that compiles and maintains files on consumers throughout the State of California and, as such, is regulated by the CCCRAA.

---

[1] FED. TRADE COMM'N, *Consumer Information: Free Credit Reports*, CONSUMER.FTC.GOV (Mar. 2013). http://www.consumer.ftc.gov/articles/0155-free-credit-reports.

1  *See* CAL. CIV. CODE § 1785.3(d).

2      15.    One purpose of the CCCRAA is to require consumer reporting agencies to "adopt

3  reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

4  insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable

5  to the consumer." CAL. CIV. CODE § 1785.1(d).

6      16.    In furtherance of this goal, the CCCRAA mandates that Defendant, upon request,

7  shall clearly and accurately provide to a consumer all information in the consumer's file at the

8  time of the request. CAL. CIV. CODE § 1785.10(a). In addition, Defendant is required provide a

9  consumer with a copy of their Credit Report at the time of the request. *Id.*

10      17.    The only requirement for a consumer to obtain his or her file disclosure or free

11  Credit Report is that the consumer provide "proper identification." CAL. CIV. CODE § 1785.15(b).

12      18.    The CCCRAA defines "proper identification" to mean "that information generally

13  deemed sufficient to identify a person." CAL. CIV. CODE § 1785.15(c).

14      19.    When interpreting the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

15  ("FCRA"),[2] the Federal Trade Commission ("FTC"), the agency tasked with overseeing the

16  implementation of the FCRA, has determined that the "proper identification" requirement imposed

17  by the FCRA must be "reasonable," and includes the following examples:

18  (1) Consumer file match. The identification information of the
19  consumer including his or her full name (first, middle initial, last,
    suffix), any other or previously used names, current and/or recent
20  full address (street number and name, apt. no., city, state, and zip
    code), full nine digits of Social Security number, and/or date of
21  birth.

22  (2) Additional proof of identity. Copies of government issued
23  identification documents, utility bills, and/or other methods of
    authentication of a person's identity which may include, but would
24  not be limited to, answering questions to which only the consumer
    might be expected to know the answer.
25

26  *See* 12 C.F.R. § 1022.123.

27  _____

28  [2] In interpreting the CCCRAA, courts look to interpretation of the FCRA. *Olson v. Six Rivers Nat. Bank*, 3 Cal. Rptr. 3d 301, 309 (Cal. Ct. App. 2003).

20.   Even when a consumer provides proper identification under this standard, Defendant does not supply a free Credit Report to the consumer.

**B.   Defendant Requires More Than "Proper Identification" in Order To Obtain a Free Credit Report**

21.   Instead of using the standard mandated by law, Defendant purposely complicates the process by requiring consumers to answer a series of obscure questions and/or submit a series of identifying documents in the "identification" process. It does so under the guise of verifying a person's identity.

22.   In January 2016, and during the applicable liability period, Plaintiff attempted to obtain his free Experian Credit Report from www.annualcreditreport.com, a website operated jointly among Equifax Inc., TransUnion LLC, and Defendant.

23.   The website states that it provides:

> **FREE Credit Reports.**
> Get a free copy of your credit report every 12 months
> from each credit reporting company.

24.   Plaintiff had to fill out an online form which required: his full first name and last name; his middle initial; his current address; a previous address if he had moved within the past two years; his full date of birth (more than just his year of birth); any generational information; and his Social Security number. Plaintiff accurately answered the questions, and thus provided appropriate proof of identity sufficient to obtain his file disclosure and free annual Credit Report under the CCCRAA. Upon completion, www.annualcreditreport.com routed Plaintiff to www.annualcreditreport.experian.com, which is controlled solely by Defendant.

25.   Once on www.annualcreditreport.experian.com, Plaintiff had to answer additional "identification verifying" questions such as: the names of persons he associates with; last four digits of his checking account; names of persons he has lived with in the last ten years; and trick questions regarding non-existent mortgages.

26.   This information requested of Plaintiff far exceeds the "proper identification" and reasonable appropriate proof of identity standard required by the CCCRAA and FTC.

27.   Following his electronic submission, Plaintiff immediately received a message

5

from Defendant stating that it could not verify his identity and rejecting his request for his free Credit Report. Defendant requested that Plaintiff furnish further identifying documents, such as: driver's license, state ID card, utility bill, and bank or insurance statement.

28.     In his application, Plaintiff provided to Defendant the proper identification required by the statute and defined by the FTC. As such, Plaintiff met, and in fact exceeded, the standard required by the CCCRAA for providing proof of identity. However, Defendant did not provide a free Credit Report in response to Plaintiff's request, and rejected the request, purportedly because it could not verify Plaintiff's identity.

29.     Similarly, in January 2017, and during the applicable liability period, Plaintiff attempted to obtain his free Experian Credit Report through a toll-free telephone number, a phone line operated jointly among Equifax Inc., TransUnion LLC, and Defendant.

30.     Plaintiff had to provide the following information to an operator: his full first name and last name; his middle initial; his current address; a previous address if he had moved within the past two years; his full date of birth (more than just his year of birth); any generational information; and his Social Security number. Plaintiff accurately answered the questions, and thus provided appropriate proof of identity sufficient to obtain his file disclosure and free annual Credit Report under the CCCRAA.

31.     After providing the above-described information, Plaintiff had to answer additional "identification verifying" questions such as: the names of persons he associates with; last four digits of his checking account; names of persons he has lived with in the last ten years; and trick questions regarding non-existent mortgages.

32.     This information requested of Plaintiff far exceeds the "proper identification" and reasonable appropriate proof of identity standard required by the CCCRAA and FTC.

33.     Following his submission, Plaintiff immediately received a voice message from Defendant stating it could not verify his identity and rejecting his request for his free Experian Credit Report. Defendant requested that Plaintiff furnish further identifying documents, such as: driver's license, state ID card, utility bill, and bank or insurance statement.

34.     In his application, Plaintiff provided to Defendant the proper identification required

by the statute and defined by the FTC. As such, Plaintiff met, and in fact exceeded, the standard required by the CCCRAA for providing proof of identity. However, Defendant did not provide a free Credit Report in response to Plaintiff's request, and rejected the request, purportedly because it could not verify Plaintiff's identity.

35.    It is Defendant's policy to require more identification from consumers who seek to obtain free Credit Reports than is required under the CCCRAA. In so doing, Defendant fails to comply with its statutory obligation to provide consumers with a required file disclosure and free Credit Report if they furnish proper identification.

**C.**    **Defendant Was Motivated by Profit to Frustrate Consumers**

36.    Despite its obligation to provide free Credit Reports to consumers, Defendant unduly complicates the process of obtaining free Credit Reports to stop consumers from receiving free Credit Reports as mandated by the CCCRAA.

37.    Despite its obligations under the statute, Defendant fails to provide consumers with the free Credit Reports to which they are entitled and which Defendant promised. Defendant requires consumers to provide more detailed information than is required by statute to frustrate consumers into believing they cannot obtain a free Credit Report. In doing so, Defendant has violated sections 1785.10 and 1785.15 of the CCCRAA.

38.    As a result of Defendant's conduct, Plaintiff and the consumer class members have suffered concrete and particularized injury, in that they were denied their consumer credit files, which the California Legislature required to be disclosed.

**CLASS ALLEGATIONS**

39.    Plaintiff brings this action pursuant to California Civil Code section 382 on behalf of a class (the "Class"), defined, such that there is no diversity between the parties, as all persons in California who:

        a)    contacted the Defendant by phone or visited www.annualcreditreport.com or an equivalent website to receive a free Credit Report;

        b)    provided their correct full first and last name, middle initial, current address, year of birth, any generational information, and Social Security number; and

c)   attempted to access their free annual Experian Credit Report but were rejected or denied due to their failure to answer Experian's additional identification-verifying questions.

Excluded from the Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest.

40.   At this time, Plaintiff does not know the exact number of Class members, but—given the nature of the claims and the vast number of individuals who are entitled to free Credit Reports—Plaintiff believes the Class members are so numerous that joinder of all members of the Class is impracticable.

41.   There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

a)   whether, despite being provided the requisite proper identification, Defendant improperly rejected Plaintiff's and the Class members' requests for a free Credit Report;

b)   whether Defendant's improper rejection of requests has resulted in injury to Plaintiff and the Class members; and

c)   whether Defendant's omission and misrepresentation of material facts in connection with providing free Credit Reports has resulted in injury to Plaintiff and the Class members.

42.   Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, attempted to obtain a free Credit Report in a typical consumer setting and sustained damages as a result of Defendant's wrongful conduct.

43.   Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

44.   A class action is superior to other available methods for the fair and efficient

8

adjudication of this controversy.

45.     The prerequisites to maintaining a class action for injunctive or equitable relief are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

46.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions could be dispositive of the interests of the Class even though certain Class members might not be parties to such actions.

47.     Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unfair and Unlawful Business Acts and Practices,**
**In Violation of the Unfair Competition Law, CAL. BUS. & PROF. CODE 17200 *et seq.***
**Against Defendant Experian Information Solutions, Inc., on Behalf of the Class**

48.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

49.     Plaintiff brings this claim for violation of the Unfair Competition Law, CAL. BUS. & PROF. CODE § 17200 *et seq.* ("UCL"), on behalf of the Class for injunctive relief only.

50.     Under the UCL, "unfair competition" means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by" the False Advertising Law, CAL. BUS. & PROF. CODE § 17500 *et seq.* CAL. BUS. & PROF. CODE § 17200.

51.     By engaging in the acts and practices described herein, Defendant has committed one or more acts of "unfair competition" as the UCL defines the term.

52.     Defendant committed, and continues to commit, "unlawful" business acts or practices by, among other things, violating the CCCRAA as described herein.

CLASS ACTION COMPLAINT

53. Defendant has committed unlawful business acts or practices by, among other things, failing to provide a free Credit Report to Plaintiff and the Class members.

54. In this regard, Defendant's failure to supply free Credit Reports to Plaintiff and the Class members violates California Civil Code sections 1785.10 and 1785.15.

55. As a result of the business practices described above, Plaintiff and the Class members, pursuant to California Business and Professions Code section 17203, seek an order enjoining such future conduct on the part of Defendant for its failure to supply free Credit Reports.

56. THEREFORE, Plaintiff prays only for injunctive relief consistent with that discussed by the California Supreme Court in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017).

## SECOND CAUSE OF ACTION
### Violation of the Consumers Legal Remedies Act,
CAL. CIV. CODE § 1750 *et seq.*
**Against Defendant Experian Information Solutions, Inc., on Behalf of the Class**

57. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

58. Plaintiff brings this cause of action pursuant to the CLRA, seeking injunctive relief only.

59. Defendant's actions, representations, and conduct have violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

60. Plaintiff and the Class members are "consumers" as the CLRA defines the term. *See* CAL. CIV. CODE § 1761(d).

61. The Credit Reports that Plaintiff and the Class members requested from Defendant were "services" within the meaning of the CLRA. *See* CAL. CIV. CODE § 1761(b).

62. By engaging in the actions, misrepresentations, and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate, section 1770(a)(9) and (16) of the CLRA. Specifically, in violation of California Civil Code section 1770(a)(9) and (16), Defendant's acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that Defendant advertises services with the intent not to provide them as

10

advertised, as well as misrepresents that the subject of the transaction has been supplied in accordance with a previous representation when it has not.

63.     Plaintiff requests that this Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to California Civil Code section 1780(a)(2). If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

64.     THEREFORE, Plaintiff prays only for injunctive relief, as discussed by the California Supreme Court in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017).

## THIRD CAUSE OF ACTION
**Violation of the California Consumer Credit Reporting Agencies Act,**
**CAL. CIV. CODE § 1785.1 *et seq.***
**Against Defendant Experian Information Solutions, Inc., on Behalf of the Class**

65.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

66.     Plaintiff brings this claim for violation of the CCCRAA individually and on behalf of the Class, seeking injunctive relief.

67.     Defendant is a "consumer credit reporting agency" as the CCCRAA the term. *See* CAL. CIV. CODE § 1785.3(d).

68.     Plaintiff and the Class members are "consumer[s]" as the CCCRAA defines the term. *See* CAL. CIV. CODE § 1785.3(b).

69.     The above-referenced Credit Reports are "consumer credit reports" as the CCCRAA defines the term. *See* CAL. CIV. CODE § 1785.3(c).

70.     California Civil Code section 1785.15(c) defines "proper identification" as "that information generally deemed sufficient to identify a person." CAL. CIV. CODE § 1785.15(c). The FTC has determined that the full first and last name, middle initial, current address, year of birth, any generational information, and Social Security number are sufficient to identify a person. As such, Plaintiff and the Class members have provided the proper identification under California Civil Code section 1785.15.

71.     Pursuant to California Civil Code section 1785.31(b), Defendant is liable for

11

1 │ violating the CCCRAA by failing to provide Plaintiff and the Class members with their free Credit

2 │ Reports after they furnished proper identification, in violation of California Civil Code sections

3 │ 1785.10 and 1785.15. Specifically, Defendant refused to provide Plaintiff and the Class members

4 │ with their free Credit Reports, after Plaintiff and the Class members furnished proper

5 │ identification, in violation of California Civil Code section 1785.10(a) and (b) and California Civil

6 │ Code section 1785.15(a) and (b).

7 │     72.    THEREFORE, Plaintiff prays only for injunctive relief, as discussed by the

8 │ California Supreme Court in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017).

9 │ **PRAYER FOR RELIEF**

10 │     THEREFORE, Plaintiff demands judgment as follows:

11 │     A.    For an order certifying the proposed Class herein; appointing Plaintiff as

12 │ representative of the Class; and appointing his undersigned counsel as Class counsel;

13 │     B.    For an injunction, pursuant to California Business and Professions Code section

14 │ 17203, California Civil Code section 1780(a)(2), and California Civil Code section 1785.31(b),

15 │ prohibiting Defendant from engaging in the above-described conduct in the future that is consistent

16 │ with the injunctive relief discussed by the California Supreme Court in *McGill v. Citibank, N.A.*,

17 │ 393 P.3d 85 (Cal. 2017).

18 │     C.    Awarding Plaintiff his reasonable costs and expenses of suit, including attorneys'

19 │ fees pursuant to California Civil Code section 1780(e) and/or section 1785.31(f); and

20 │     D.    For any further relief that the Court may deem appropriate.

21

22

23

24

25

26

27

28

1

## JURY TRIAL DEMANDED

2      Plaintiff hereby demands a trial by jury.

3   Date: September 27, 2017                    Respectfully submitted,

4                                               **REESE LLP**

5                                       By: */s/ Michael R. Reese*
                                            Michael R. Reese (SBN 206773)
6                                           *mreese@reesellp.com*
                                            George V. Granade (SBN 316050)
7                                           *ggranade@reesellp.com*
                                            100 West 93rd Street, 16th Floor
8                                           New York, New York 10025
                                            Telephone: (212) 643-0500
9                                           Facsimile: (212) 253-4272

10
                                            Melissa S. Weiner
11                                          *weiner@halunenlaw.com*
                                            Christopher J. Moreland
12                                          *moreland@halunenlaw.com*
                                            Charles D. Moore
13                                          *moore@halunenlaw.com*
                                            **HALUNEN LAW**
14                                          1650 IDS Center
                                            80 South Eighth Street
15                                          Minneapolis, Minnesota 55402
                                            Telephone: (612) 605-4098
16                                          Facsimile: (612) 605-4099
17
18                                          James A. Francis
                                            *jfrancis@consumerlawfirm.com*
19                                          David A. Searles
                                            *dsearles@consumerlawfirm.com*
20                                          John J. Soumilas
                                            *jsoumilas@consumerlawfirm.com*
21                                          **FRANCIS & MAILMAN P.C.**
22                                          Land Title Building
                                            100 S. Broad Street, 19th Floor
23                                          Philadelphia, Pennsylvania 19110
                                            Telephone: (215) 735-8600
24                                          Facsimile: (215) 940-8000

25
                                            *Attorneys for Plaintiff Ronald Chinitz*
26                                          *and the Proposed Class*

27

28

**CM-015**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Michael R. Reese (State Bar No. 206773)<br>Reese LLP<br>100 West 93rd Street, 16th Floor<br>New York, New York 10025<br>  TELEPHONE NO.: (212) 643-0500    FAX NO. *(Optional):* (212) 253-4272<br>  E-MAIL ADDRESS *(Optional):* mreese@reesellp.com<br>  ATTORNEY FOR *(Name):*  Plaintiff Ronald Chinitz and the proposed class | **FOR COURT USE ONLY**<br><br>**FILED**<br>10/4/2017 4:14 PM<br>Alex Calvo, Clerk<br>By: Sandra Gonzalez<br>Deputy, Santa Cruz County<br><br>*Sandra Gonzalez* |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Cruz<br>  STREET ADDRESS: 701 Ocean Street, Room 110<br>  MAILING ADDRESS: Civil Division, 701 Ocean Street, Room 110<br>  CITY AND ZIP CODE: Santa Cruz, California 95060<br>  BRANCH NAME: Civil Division |

| | |
|---|---|
| **PLAINTIFF/PETITIONER:** Ronald Chinitz | **CASE NUMBER**<br>17CV02552 |
| **DEFENDANT/RESPONDENT:** Experian Information Solutions, Inc. | **JUDICIAL OFFICER:** |
| **NOTICE OF RELATED CASE** | **DEPT.**<br>Santa Cruz Department 10 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: DeVries v. Experian Information Solutions, Inc.
   b. Case number:  3:16-cv-02953-WHO
   c. Court: [ ] same as above
      [✓] other state or federal court *(name and address):* N.D. Cal., 450 Golden Gate Ave., San Francisco
   d. Department:
   e. Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
   f. Filing date:  06/02/2016
   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [ ] involves the same parties and is based on the same or similar claims.
      [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
          [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
      [ ] other state or federal court *(name and address):*
   d. Department:

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |

CM-015

| PLAINTIFF/PETITIONER:  Ronald Chinitz | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Experian Information Solutions, Inc. | 17CV02552 |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3. a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

      ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 10/04/2017

Michael R. Reese
   (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ *(signature)*
   (SIGNATURE OF PARTY OR ATTORNEY)

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CRUZ**<br>Santa Cruz Branch<br>701 Ocean Street, Room 110<br>Santa Cruz, CA 95060 | **FILED**<br>09/27/2017<br><br>Alex Calvo, Clerk<br><br>By: Sandra Gonzalez<br><br>Deputy, Santa Cruz County |
|---|---|
| Ronald Chinitz<br><br>vs<br><br>Experian Information Solutions, Inc. | |
| **CASE MANAGEMENT INFORMATION AND SETTING** | **CASE NO:**<br>17CV02552 |

This case is in Santa Cruz County's Case Management Program. It is the duty of each party to be familiar with the California Rules of Court and the date, time and place of the first case management conference.

This notice must be served with the summons on all defendants and cross-defendants. Notice of any other pending case management conference must be served on subsequently named defendants and cross-defendants.

Attention Defendant: You have 30 days after the summons is served on you to file a written response to the complaint with the court. The date below does not extend the time to file a response. See the summons for instructions for responding to the summons and complaint. A written response may not be necessary in all cases. To make this determination it is important to seek legal advice and information.  See the referrals at the bottom of this form.

| **The first Case Management Conference hearing date is:** |
|---|
| **Date:  02/01/2018**          **Time:  8:30**          **Santa Cruz Department 10** |
| Address of the Court: 701 Ocean Street, Santa Cruz, California |

*Telephonic court appearances are provided through CourtCall to the court. To make arrangements to appear at the Case Management Conference by telephone, please call the program administrator for CourtCall at (888) 882-6878 at least five (5) court days prior to the hearing. DO NOT CALL THE COURT.*

If you are in need of legal advice or legal information on how to proceed in your case you may call or visit the following resources:

1. Santa Cruz County Bar Association Lawyer Referral Service: Phone 831-425-4755 (Fee based service).
2. Santa Cruz County Law Library: 701 Ocean Street, Room 70 Basement, Santa Cruz, CA 95060 Phone 831-454-2205, www.lawlibrary.org, for hours and other resources.
3. Santa Cruz Superior Court Self Help Center: 1 Second Street, Room 301, Watsonville, CA 95076 Phone 831-786-7200, option 4, www.santacruzcourt.org, for hours and workshop options.
4. Watsonville Law Center: 831-722-2845.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Michael R. Reese (State Bar No. 206773)
Reese LLP
100 West 93rd Street, 16th Floor
New York, New York 10025
TELEPHONE NO.: (212) 643-0500    FAX NO.: (212) 253-4272
ATTORNEY FOR (Name): Plaintiff Ronald Chinitz and the proposed class

FOR COURT USE ONLY

FILED
9/27/2017 12:49 PM
Alex Calvo, Clerk
By: Sandra Gonzalez
Deputy, Santa Cruz County

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Cruz
STREET ADDRESS: 701 Ocean Street, Room 110
MAILING ADDRESS: Civil Division, 701 Ocean Street, Room 110
CITY AND ZIP CODE: Santa Cruz, California  95060
BRANCH NAME: Civil Division

CASE NAME:
Chinitz v. Experian Information Solutions, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 17CV02552 |
|---|---|---|
| ☑ Unlimited  ☐ Limited (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. ☐ Large number of separately represented parties
 b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. ☐ Substantial amount of documentary evidence
 d. ☐ Large number of witnesses
 e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): Three
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 09/27/2017
Michael R. Reese
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov