United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD CHINITZ, on behalf of himself and all others similar situated,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 5:17-cv-06515-EJD<br><br>**ORDER TO SHOW CAUSE** |

The instant putative class action was removed to this court by Defendant Experian Information Solutions, Inc. on the "grounds of federal question in that Plaintiff's claims substantially implicate the laws of the United States, and the Plaintiff's right to relief necessarily depends on resolution of substantial questions of federal law." As it must, the court has reviewed the Notice of Removal and other relevant pleadings to determine whether Defendant has adequately established a basis for subject matter jurisdiction. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."). It has not.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction refers to the court's statutory or constitutional power to adjudicate the case." Pistor v. Garcia, 791 F.3d 1104, 1110-11 (9th Cir. 2015) (internal quotations omitted). Consistent with a federal court's limited jurisdiction, "removal is permissible only where original jurisdiction exists at the time of removal." Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43 (1998). "Where doubt regarding

the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); see 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

When, as here, removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

Looking at the complaint, it is apparent that none of Plaintiff's causes of action are created by federal law. Indeed, each arises under provisions of the California Civil Code and California Business and Professions Code. Although a federal law is noted in the allegations, "the mere reference" does not "convert a state law claim into a federal cause of action." Easton v. Crossland Mortg. Corp., 114 F.3d 979, 982 (9th Cir. 1997); accord Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (explaining that § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law") ("Grable").

Nor is it apparent that Plaintiff's causes of action implicate significant federal issues, such that removal is condoned by Grable and another case in the same line of authority - Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986). To maintain such a proposition, Defendant must fit this case into the "special and small category" embraced by Grable. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). Those cases are properly identified by answering the following question: "does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility." Grable, 545 U.S. at 314. "Recast as elements, the proponent of a 'substantial federal question'

Case No.: 5:17-cv-06515-EJD
ORDER TO SHOW CAUSE

2

must show: (1) that the state law claim necessarily raises the federal issues identified, (2) that the federal issue is disputed and substantial, and if (1) and (2) are established, then (3) that it is appropriate in the balance of state and federal responsibility for the federal court to hear the claim." Quildon v. Intuit, Inc., No. 5:12-cv-00859 EJD, 2012 WL 1902021, at *4 (N.D. Cal. May 25, 2012).

In the Notice of Removal, Defendant simply concludes without explanation that the Complaint's reference to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., means that "whether Plaintiff is entitled to any relief will depend entirely on the interpretation and application of the FCRA and supporting federal regulations." But the basis for this conclusion is not evidenced by the face of the Complaint. In fact, a close reading of Plaintiff's allegations reveals that the reference to the FCRA in paragraphs 19 and 20 is made solely to emphasize the alleged violation of a state statute, such that neither interpretation nor application of the FCRA will be required to determine whether Plaintiff is entitled to relief. In other words, any issue that may arise under the FCRA is collateral, not necessary or substantial.

Because Defendant has not satisfied the obligation to affirmatively demonstrate federal subject matter jurisdiction, the court issues an order to show cause why this action should not be remanded. If Defendant does not, by **November 17, 2017**, file an amended Notice of Removal that establishes this court's jurisdiction in a manner consistent with the preceding discussion, the court will remand this action to Santa Cruz County Superior Court. See 28 U.S.C. § 1653.

No hearing will be held on the order to show cause unless otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated: November 14, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-06515-EJD
ORDER TO SHOW CAUSE

3