UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD CHINITZ, on behalf of himself and all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 5:17-cv-06515-EJD<br><br>**ORDER REMANDING CASE** |

The instant putative class action was removed to this court by Defendant Experian Information Solutions, Inc. on the "grounds of federal question in that Plaintiff's claims substantially implicate the laws of the United States, and the Plaintiff's right to relief necessarily depends on resolution of substantial questions of federal law." But after reviewing the Complaint, the court was left with serious doubt that Plaintiff's causes of action would, in fact, implicate a substantial federal question and ordered Defendant show cause why the action should not be summarily remanded. Dkt. No. 11. Defendant responded to the order by filing an amended Notice of Removal. Dkt. No. 13. The court now examines that document to determine whether Defendant has adequately established a basis for subject matter jurisdiction. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."). It

Case No.: 5:17-cv-06515-EJD
ORDER REMANDING CASE

1

still has not.

As the court previously noted, none of Plaintiff's causes of action are created by federal law; each arises under provisions of the California Civil Code and California Business and Professions Code. And although a federal law is noted in the allegations, "the mere reference" does not "convert a state law claim into a federal cause of action." Easton v. Crossland Mortg. Corp., 114 F.3d 979, 982 (9th Cir. 1997); accord Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (explaining that § 1331 "is invoked by and large by plaintiffs pleading a cause of action created by federal law") ("Grable").

Moreover, the amended Notice of Removal does not make it any more apparent that Plaintiff's causes of action implicate significant federal issues, such that removal is condoned by Grable and another case in the same line of authority - Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986). Defendant was obligated to fit this case into the "special and small category" embraced by Grable pursuant to the court's instructions. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006). Those cases are properly identified by answering the following question: "does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility." Grable, 545 U.S. at 314. "Recast as elements, the proponent of a 'substantial federal question' must show: (1) that the state law claim necessarily raises the federal issues identified, (2) that the federal issue is disputed and substantial, and if (1) and (2) are established, then (3) that it is appropriate in the balance of state and federal responsibility for the federal court to hear the claim." Quildon v. Intuit, Inc., No. 5:12-cv-00859 EJD, 2012 WL 1902021, at *4 (N.D. Cal. May 25, 2012).

Defendant's jurisdictional presentation fails. Defendant argues that determining Plaintiff's right to relief necessarily implicates the interpretation of a federal regulation, namely 12 C.F.R. § 1022.123, which as detailed in the Complaint merely provides a list of methods that can prove a consumer's identity. But it is not clear that any of Plaintiff's causes of action "necessarily raise" the *interpretation* of that regulation, as opposed to simply the *application* of that regulation. Here,

Case No.: 5:17-cv-06515-EJD
ORDER REMANDING CASE

2

Plaintiff's allegations do not dispute the meaning of § 1022.123; instead, he actually acknowledges its requirements and alleges he could not obtain a free credit report even when he provided identification satisfying the federal standard.

If anything, the Complaint necessarily raises the interpretation of a state statute, California Civil Code § 1785.15(c), and its "proper identification" standard. Such interpretation may be done in reference to federal statutes and regulations, but such incidental reference is not enough to support jurisdiction in federal court because the ultimate determination of Defendant's liability will be a matter of state law. See Berg v. Leason, 32 F.3d 422, 424 (1994) (holding that federal jurisdiction does not exist simply because federal is an "ingredient" of a state law claim).

Moreover, Defendant's case citations are inapposite. Defendant has not cited in its amended Notice of Removal an exclusive jurisdiction provision, as was discussed in Sparta Surgical Corporation v. National Association of Securities Dealers, Inc., 159 F.3d 1209 (1998). Defendant also overlooks the key difference between Plaintiff's causes of action and the state-law unfair competition claims at issue in National Credit Reporting Association, Inc. v. Experian Information Solutions, Inc., No. C04-01661 WHA, 2004 WL 1888769 (N.D. Cal. July 21, 2004), and Brennan v. Southwest Airlines Company, 134 F.3d 1405 (1998). As opposed the California Consumer Credit Reporting Agencies Act ("CCRAA"), the state's Unfair Competition Law ("UCL"), California Business and Professions Code § 172000 et. seq., is uniquely amenable to removal under Grable since it "borrows" violations from other laws, which are sometimes federal, and adopts them as violations of the UCL. See Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

Finally, there is no basis to invoke the artful pleading doctrine under these circumstances when Plaintiff has validly brought claims under a state statute that is not supplanted by federal law. See Hunter v. United Van Lines, 746 F.2d 635, 643 (9th Cir. 1984) ("[R]emoval is improper when federal law simply displaces state law without replacing the state cause of action with a federal one. When federal law displaces state law without supplanting it, a plaintiff cannot be deemed to be attempting to avoid a federal cause of action."). Here, the CCRAA and its federal

Case No.: 5:17-cv-06515-EJD
ORDER REMANDING CASE

3

counterpart, the Fair Credit Reporting Act, co-exist as separate statutory schemes.

Because Plaintiff's causes of action are not created by federal law, and because Defendant has not convincingly shown they arise under or raise a substantial issue of federal law, the court still seriously doubts this action was properly removed. Given the "need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction" (Merrell Dow, 478 U.S. at 814), the court finds that it lacks subject matter jurisdiction over this action. The Clerk shall therefore remand this case to Santa Cruz County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: November 20, 2017

EDWARD J. DAVILA
United States District Judge